HOFFMAN'S VEGETARIAN RESTAURANT COMPANY, INCORPORATED, and Another, Plaintiffs, *v.* NOEL LEE and Others, Defendants.

Supreme Court, Special Term, Kings County, January 16, 1939.

*Charles H. Fier*, for the plaintiffs.

*Davis Feyer*, for the defendants.

*Boudin, Cohn & Glickstein*, as *amici curiæ* for the American Federation of Labor.

CONWAY, J. Motion for an injunction *pendente lite* enjoining the defendants from picketing plaintiffs' places of business or boycotting or in any other manner interfering with their business. The American Federation of Labor appears as *amicus curiæ* in support of this motion.

Plaintiff Hoffman's Vegetarian Restaurant Co., Inc., owns and operates a restaurant. Plaintiff Interboro Restaurateurs, Inc., is an association whose membership consists of restaurant and cafeteria owners. Plaintiff Hoffman's Vegetarian Restaurant Co., Inc., employs approximately one hundred persons, each of whom is a member of the Cooks, Countermen and Assistants Union, Local No. 325, affiliated with the American Federation of Labor. Plaintiffs at the present time are under contract with the American Federation of Labor to employ their members. The defendant union is affiliated with the National Federation of Labor, Inc. The National Federation is a Delaware corporation. It is urged by defendants that there is involved a labor dispute within the meaning of section 876-a of the Civil Practice Act. That there is a dispute of any kind is denied by plaintiffs. Section 876-a of the Civil Practice Act provides that a case shall be held to involve or grow out of a labor dispute when, among other things, it is a dispute between " one or more employers or associations of employers and one or more employees or associations of employees." (Subd. 10.) It is plaintiff's contention that the defendant union is not a *bona fide* union and that for that reason no labor dispute exists.

On August 2, 1937, the National Federation of Labor applied to the State Board of Standards and Appeals for approval of a certificate of incorporation as a domestic corporation. This application was disapproved by the Board on the ground that the granting of it would be inconsistent with public policy. On September 25, 1937, a certificate of incorporation was issued to the National Federation of Labor by the State of Delaware. Thereafter an application was made to the State Board of Standards and Appeals for approval of a certificate of authority for said Delaware corporation to do business in New York State. This application was also denied because of the possibility of deception due to the similarity of name of the National Federation of Labor to that of the American Federation of Labor. In its decision the Board cited instances where the National Federation attempted to confuse the public by causing the impression by means of various labels and emblems that the National Federation was the American Federation of Labor. The defendant union is known as Cooks, Countermen and Assistants, Local No. 335. The American Federation of Labor affiliate is known as Cooks, Countermen and Assistants, Local No. 325, the number 335 being used by defendant union notwithstanding the fact that it is the only local embracing such occupations affiliated with the National Federation. The Board found that consumers were thus deceived and deluded. In addition to the above the Board said: " In addition to the activities of the applicant and its affiliates above enumerated, the Board is further of the opinion that the character of certain of the organizers, union officers and representatives of the National Federation of Labor, is such as to cast grievous doubt as to the fitness of such representatives and officials and the *bona fides* of the organization as a whole. Several of these organizers and union officials have on their own admissions criminal records and others have been expelled from the American Federation of Labor unions because of defalcation of union funds and similar offenses."

The application for the approval of the certificate of authority was, therefore, denied on the ground of inconsistency with public policy. Defendant union is now doing or attempting to do business within the State of New York without the required certificate of authority. The definition in the Civil Practice Act of a labor dispute as one involving an association of employees presupposes the existence of an association lawfully transacting business in this State. Defendant union, being an association of employees doing or attempting to do business in this State unlawfully, is not covered by the definition given in section 876-a. The affidavit submitted in opposition to the motion states that one of the officers of defend-

ant union attempted to speak to a representative of plaintiffs relative to signing a union agreement with respect to wages, hours and conditions of employment. It is then stated that upon plaintiffs' refusal to deal with defendant union, pickets were placed in front of plaintiffs' premises. The purpose of these pickets is to force or persuade plaintiffs into entering into a contract with defendant union. Defendant, through its pickets, is thus attempting to force plaintiffs into an agreement which would be unlawful. Since defendant union is not an association of employees authorized to operate in the State of New York, it is not such an association of employees as is contemplated by section 876-a of the Civil Practice Act.

The motion is granted, with ten dollars costs. Settle order on notice.